**DUNBAR v ALEXANDER et**

Ohio Appeals, 9th Dist, Lorain Co

No 823. Decided May 4, 1937

Stevens & Stevens, Elyria, for appellant.
Fauver & Fauver, Elyria, for appellees.

## OPINION

### By WASHBURN, J.

Fern Alexander, the plaintiff below, appellant here, brought this action to partition real estate. In her petition she claimed to be the owner of a one-fourth interest in said real estate, which she asserts she received by virtue of the will of her grandfather, Albert E. Alexander, and which other three-fourths interest she asserts is owned by the three children of said testator.

The testator in his will gave to his wife all his personal property, and in said will he provided "I give, devise and bequeath to my beloved wife, Addie G. Alexander, the life use of all my real estate." The instrument then provided "I give, devise and bequeath to my children, Albert Alexander, Gertie A. Martin, Leo Alexander, Erie Alexander, in equal shares, all my real estate, subject to the life use of my wife, as above provided for."

Later the testator executed a codicil to said will, in which he declared it to be his purpose, in reference to said real estate, to make certain changes "as to said devise."

The codicil provides that testator's executor "shall, upon the death of" his wife, "and within a reasonable time thereafter," sell all of his real estate, "provided, however, that such sale shall not be made at a time, or under circumstances, which will in any way sacrifice the value of such real estate, all without order or intervention of the court"; and "out of the proceeds arising therefrom," said executor was ordered to "pay a one-fourth part" to each of three of testator's children named in said original will, "or their lineal descendants," and said executor was ordered to "retain the other one-fourth part," which said executor was required to "hold as trustee for the uses and purposes" set forth in said codicil.

The uses and purposes were to "pay to Leo Alexander all the income arising from such trust estate during the term of his natural life, and upon his death shall pay to his daughter, Fern Alexander, the income arising from such trust estate until she arrives at the age of twenty-one years, at which time such trust shall be terminated and all funds to the credit of such trust shall be paid to her."

The will was made March 17, 1923, and the codicil on March 7, 1924.

Said testator died in 1928, at which time his wife, and his son Leo Alexander, the father of plaintiff below, were dead; plaintiff below, Fern Alexander, was then 19 years of age, and she is now 27 years old.

The will and codicil were promptly probated, but the executor has not yet sold said real estate.

Considering the original will and the codicil in their entirety, and in the light of the situation and circumstances as shown by the record, we are of the opinion that it was the intention of the testator to change the devise of the one-fourth interest in his real estate to his son Leo Alexander, to a bequest to him of the income upon the proceeds from the sale of a one-fourth interest in said real estate, and that plaintiff and appellant, the daughter of said Leo Alexander, did not by said will or codicil obtain any title to the real estate involved, either by inheritance from her father or by devise from said testator; that all she received was the right, after her father's death, to the income from the proceeds of the sale of one-fourth of said real estate until she became 21 years of age, at which time, her father being dead, all of the proceeds from the sale of the one-fourth interest was bequeathed to her directly from her grandfather.

If we are right in this construction of the will and codicil, then said appellant is not entitled to the possession of any part of said real estate, and therefore has no right to a partition of the same; her proper remedy is by application in the Probate Court to compel a sale of said real estate by said executor in accordance with the requirements of the codicil.

The case being before this court on an appeal on questions of law, and the trial court having dismissed appellant's petition, the judgment is affirmed.

STEVENS, PJ, and DOYLE, J, concur in judgment.